**BOCHETTO & LENTZ, P.C.**
By:     Gavin P. Lentz, Esquire
          Vincent van Laar, Esquire
Attorney I.D. Nos.: 53609, 85672
1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DON TROIANI** | : | **CIVIL ACTION** |
| | : | |
| | : | **NO. 02-CV-4050** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **WISDOM ENTERTAINMENT, LTD. et al.,** | : | |
| | : | |
| Defendants. | : | |

## ORDER

     **AND NOW**, this _____day of _____, 2003, upon

consideration of Plaintiff's Motion for Partial Summary Judgment on the Issue of Liability,

Defendants' Response thereto, if any, and the record as a whole, it is hereby **ORDERED** and

**DECREED** that Plaintiff's motion is **GRANTED**.

     It is further **ORDERED** and **DECREED** that Plaintiff is granted summary judgment as

to the issue of Defendants' liability for unlawfully copying Plaintiff's copyrighted artworks.


                                                            BY THE COURT:



                                                            _____

                                                                                    U.S.D., J.

**BOCHETTO & LENTZ, P.C.**
By:　　Gavin P. Lentz, Esquire
　　　　Vincent van Laar, Esquire
Attorney I.D. Nos.: 53609, 85672
1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DON TROIANI** | : | **CIVIL ACTION** |
| | : | |
| | : | **NO. 02-CV-4050** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **WISDOM ENTERTAINMENT, LTD. et al.,** | : | |
| | : | |
| Defendants. | : | |

### PLAINTIFF'S MOTION FOR
### PARTIAL SUMMARY JUDGMENT ON THE ISSUE OF LIABILITY

Plaintiff, Don Troiani ("Plaintiff"), by and through undersigned counsel, Bochetto &

Lentz, P.C., hereby submits his Motion for Partial Summary Judgment on the issue of

liability, and in support thereof incorporates by reference the accompanying Memorandum of

Law in support of his motion.

Respectfully submitted,

**BOCHETTO & LENTZ, P.C.**

By: _____
　　　Gavin P. Lentz, Esquire
　　　Vincent van Laar, Esquire
　　　Attorney for Plaintiff

**BOCHETTO & LENTZ, P.C.**
By:    Gavin P. Lentz, Esquire
          Vincent van Laar, Esquire
Attorney I.D. Nos.: 53609, 85672
1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DON TROIANI** | : | **CIVIL ACTION** |
| | : | |
| | : | **NO. 02-CV-4050** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **WISDOM ENTERTAINMENT, LTD. et al.,** | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS
MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE ISSUE OF LIABILITY**

**INTRODUCTION**

This litigation arose as a result of Defendants unlawfully and direct copying Plaintiff's copyrighted artwork s by using them on the covers of their videos *"Battle for Glory"* and *"Blood and Honor."* (See copy of the video cover of "Battle for Glory," attached hereto as Exhibit "A" and copy of the video cover of *"Blood & Honor,"* attached hereto as Exhibit "B.") Specifically, Plaintiff's copyrighted artworks entitled, "The Boy Colonel," "Retreat by Recoil," "Bronze Guns and Iron Men," "Burnside's Bridge" and "Opdycke's Tigers" were exactly duplicated and copied on the cover of the video *"Battle for Glory."* (See copies of Plaintiff's artworks, "The Boy Colonel," "Retreat by Recoil," "Bronze Guns and Iron Men," "Burnside's Bridge" and "Opdycke's Tigers," attached hereto as Exhibit "C," "D," "E,"

"F," and "G,"respectively.)

In addition, Plaintiff's copyrighted artwork "Forward the Colors" was exactly copied on the video cover of "*Blood & Honor.*" (See copy of Plaintiff's artwork, "Forward the Colors" attached hereto as Exhibit "H.") Because of the striking similarities of the infringing works and Plaintiff's copyrighted works, Plaintiff requests this Court to grant Plaintiff's motion for summary judgment on liability.

## LEGAL ARGUMENT

### A.    Standard of Review

"It is clear that summary judgment is entirely appropriate in an action for copyright infringement." *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111 (5th Cir. 1978). To determine whether an instance of copying is legally actionable, a side-by-side comparison must be made between the original and the copy to determine whether a layman would view the two works as "substantially similar." *Creation Unlimited, Inc. v. McCain*, 112 F.3d 814 (5th Cir. 1997); *See also Knickerbocker Toys, Inc. v. Genie Toys, Inc.,* 491 F.Supp. 526, 528 (E.D. Mo., 1980) (stating that a side-by-side comparison of the works involved in a copyright infringement action is both proper and appropriate.)

Further, "in some cases, the similarities between plaintiff's and defendant's work are so extensive and striking as, without more, both to justify an inference of copying and to prove improper appropriation." *Arnstein v. Porter*, 154 F.2d 464, 465 (2nd Cir. 1946). Summary judgment is particularly appropriate if the court can conclude, after viewing the evidence and drawing inferences in a manner most favorable to the non-moving party, that no reasonable juror could find that the works are not substantially similar.

Applying the above standard, there are no genuine issues of fact as to the substantial

and striking similarities of defendants' work with plaintiff's work.  Plaintiff's motion should

therefore be granted.

        **B.**      **Defendant's Video Covers Are Strikingly Similar to Plaintiff's Copyrighted**
                   **Artworks**

To establish copyright infringement, a plaintiff must prove ownership of the copyright

and copying by the defendant.  *See Reyher v. Children's Television Workshop*, 533 F.2d 87,

90 (2nd Cir. 1976); *see also Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340,

361 (1991) (To establish copyright infringement, "two elements must be proven: (1)

ownership of a valid copyright,[1] and (2) copying of constituent elements of the work that are

original.") Plaintiff has established both elements.

"Substantial similarity" is determined through two tests.  The first, termed the

"extrinsic test," is "whether there is sufficient similarity between the two works in question to

conclude that the alleged infringer used the copyrighted work in making his own." *Id*.   In

making this determination, a visual comparison between the copyrighted work and the

allegedly infringing work are frequently utilized. *Universal Athletic Sales Co. v. Salkeld*, 511

F.2d 904, 907 (3d Cir.1975) (Emphasis added.) The second test of "substantial similarity,"

called the "intrinsic test," is whether, from a lay perspective, the copying was an unlawful

appropriation of the copyrighted work. *Whelan Associates v. Jaslow Dental Laboratory*, 797

F.2d at 1232; *Universal Athletic Sales Co. v. Salkeld*, 511 F.2d at 907. Again, Plaintiff

satisfies both the extrinsic and intrinsic tests.

In *Knickerbocker Toy Co., Inc. v. Genie Toys, Inc.*, 491 F.Supp. 526 (E.D. Mo.,

---

      [1]       The validity of Plaintiff's copyright is not disputed.  (See Plaintiff's copyrights
of the relevant artworks, attached hereto as Exhibit "I.")

1980), also a copyright infringement case, plaintiff filed a motion for summary judgment on

the issue of liability alone.  *Id.* at 527.  The court, after conducting a side-by-side comparison

of the works involved, concluded that:

> Title 17 U.S.C. section 510(a) provides in pertinent part, "anyone who violates any of
> the exclusive rights of a copyright owner. . . is an infringer of the copyright."  Against
> this section, the case law interpreting it, and the striking similarity of the two [works]
> in question in this case, the Court finds that a directed verdict would be required in
> favor of plaintiff were the case to be submitted to a jury, and as such, no useful
> purpose exists for allowing the same to go to trial.  Accordingly, plaintiff's motion for
> summary judgment is granted. [2]

*Id.* at 529.

Here, similar to *Knickerbocker*, a side-by-side comparison of Defendants' video covers

with Plaintiff's copyrighted artworks clearly shows the striking similarities of both works. In

that regard, Plaintiff's copyrighted artworks, "The Boy Colonel," "Retreat by

Recoil,""Bronze Guns and Iron Men," "Burnside's Bridge" and "Opdycke's Tigers" were

exactly duplicated and copied on the cover of the video "*Battle for Glory.*" (Compare Exhibit

"A" with Exhibit "C," "D," "E," "F," and "G.") Also, Plaintiff's copyrighted artwork

"Forward the Colors" is exactly copied on the video cover of "*Blood & Honor.*" (Compare

Exhibit "B" with Exhibit "H.")  The striking similarities are evident by looking at the

positioning of the soldiers portrayed, the exact expressions of the soldiers, the exact type of

clothing of the soldiers as well as the exact details in the overall expression of the artwork, *i.e*

positioning of the sabers, pistols and flags. Clearly, after a side-by-side comparison of both

---

[2]    The district court also recognized that "an intention to infringe is not necessary
for plaintiff to prevail in a case of copyright infringement." *Id.* at 529.  Nor would
defendant's ignorance of plaintiff's copyright be of any help to it in defending a copyright
infringement action. *Id.* (*citing DeAcosta v. Brown*, 146 F.2d 408 (2nd Cir. 1944).

works, there are no genuine issues of fact[3] in dispute as to the striking similarity of both

works.  Consequently, Plaintiff's motion for summary judgment should be granted.

## CONCLUSION

Based upon the foregoing, Plaintiff, Don Troiani, respectfully requests this Honorable

Court to grant his Motion for Partial Summary Judgment on the issue of liability.

Respectfully submitted,

**BOCHETTO & LENTZ, P.C.**

By: _____
    Gavin P. Lentz, Esquire
    Vincent van Laar, Esquire
    Attorneys for plaintiff

---

[3]    Defendant Wisdom Entertainment was ordered by this Court to provide full and complete responses to Plaintiff's discovery on or before January 24, 2003.  As of the filing of this motion, no such answers were provided.  As such, Plaintiff's Requests for Admission should be deemed admitted. (Plaintiff's Requests for Admissions are attached hereto as Exhibit "J.")  However, even without Defendant's admissions, a comparison of Plaintiff's artworks with the infringing video covers demonstrates, beyond any doubt, that Defendant has infringed Plaintiff's copyrights as a matter of law.

**BOCHETTO & LENTZ, P.C.**
By:    Gavin P. Lentz, Esquire
         Vincent van Laar, Esquire
Attorney I.D. Nos.: 53609, 85672
1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DON TROIANI** | : | **CIVIL ACTION** |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **NO.  02-CV-4050** |
| | : | |
| **WISDOM ENTERTAINMENT, LTD., ET AL.** | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

_____I, Vincent van Laar, Esquire, hereby certify that a true and correct copy of Plaintiff's Motion for Partial Summary Judgment on the Issue of Liability was served on this 24th day of January, 2003 via First Class Mail, postage pre-paid to the following:

Simon Rosen, Esquire
1515 Market Street
Suite 1810
Philadelphia, PA 19102

**BOCHETTO & LENTZ, P.C.**


_____
Vincent van Laar, Esquire
