**BOCHETTO & LENTZ, P.C.**
By:  Gavin P. Lentz, Esquire
     Vincent van Laar, Esquire
Attorney I.D. Nos.: 53609, 85672
1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DON TROIANI** | : | CIVIL ACTION |
| | : | |
| | : | NO. 02-04050 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **WISDOM ENTERTAINMENT, LTD. et al.,** | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S SETTLEMENT MEMORANDUM**

Plaintiff, Don Troiani ("Plaintiff"), by and through undersigned counsel, Bochetto & Lentz, P.C., hereby submits his Settlement Memorandum and in support thereof, avers as follows:

**I.   SYNOPSIS OF CASE**

This is a copyright infringement case in which Defendants literally copied parts of several of Plaintiff's copyrighted paintings and placed them on the covers of two different videos titled, *"Battle for Glory"* and *"Blood and Honor."* Plaintiff, Don Troiani ("Mr. Troiani") is a nationally known military artist and historian who has painted his version of several historical scenes of the most dramatic moments of the American Civil War. Mr. Troiani earns his living selling his copyrighted artwork to museums, publishing companies and collectors. His paintings of military figures and dramatic, historical scenes are owned by or

on display at the Smithsonian Institute, West Point Military Academy, US Army National Guard, Pentagon and National Park Service.

This litigation arose as a result of Defendants unlawfully and direct copying of Plaintiff's copyrighted artworks by using them on the covers of their videos *"Battle for Glory"* and *"Blood and Honor."* Specifically, Plaintiff's copyrighted artworks entitled, "The Boy Colonel," "Retreat by Recoil," "Bronze Guns and Iron Men," "Burnside's Bridge" and "Opdycke's Tigers" were exactly duplicated and copied on the cover of the video *"Battle for Glory."*

In addition, Plaintiff's copyrighted artwork "Forward the Colors" was exactly copied on the video cover of "*Blood & Honor.*" The similarities of the infringing work compared to Plaintiff's art works are striking.[1]

## II. PLAINTIFF'S CLAIM FOR DAMAGES

It is undisputed that Defendants paid at least $5,000.00 to Co-Defendant the Art Asylum who created the two infringing video cover artworks. Defendant has further admitted that approximately Five Hundred (500) of each of the video covers were manufactured, that Four Hundred (400) of <u>each</u> of the video covers were sent out to stores and that at least 30 of <u>each</u> were sold for at least $9.95.00. Normally, Mr. Troiani's paintings sell for approximately $250.00 per print, however, because the prints are limited editions, the current value of prints that were previously sold are much higher.[2] Moreover, because these are two different video

---

[1] In that regard, Plaintiff has filed a motion for partial summary judgment on the issue of liability which is currently pending before this Court.

[2] Mr. Troiani will testify that the current market value of the artwork "Boy Colonel" is $375.00; "Retreat By Recoil" is $450.00; "Bronze Guns & Iron Men" is $1,400.00; "Burnside's Bridge" is $375.00; "Opdycke's Tigers" is $400.00 and "Forward the

covers that infringed several of Plaintiff's artwork, they constitute at least two different copyright infringements.

Also, since Defendants have not provided any objective evidence of its profits, although Defendant vehemently denies making any profits--, Plaintiff has been unable to determine the extent of Plaintiff's damages based on Defendants' profits.  However, pursuant to the copyright statute, plaintiff may also elect instead of actual damages and profits, statutory damages which could maximumly range between $30,000 and $150,000 (for willful infringement).  Specifically, the copyright statute provides in relevant part the following:

> (c) Statutory Damages.--
>
>> (1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of ***not less than $750 or more than $30,000*** as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.
>
>> (2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of ***not more than $150,000***.

17 U.S.C.A. § 503.  In addition to the statutory damages, the Court may also in its discretion award attorneys' fees and costs. *See, e.g.*, 17 U.S.C. § 505 stating that "[i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of

---

Colors" is $1,100.00.

the costs." Based on the foregoing, Plaintiff demands consent to an injunction, the complete destruction of any and all video covers that infringe Plaintiff's copyrights, and monetary damages in the amount of $25,000.00.

                              Respectfully submitted,

                              **BOCHETTO & LENTZ, P.C.**

                              By: _____
                                   Gavin P. Lentz, Esquire
                                   Vincent van Laar, Esquire
                                   Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, Kimberly R. Enoch, hereby certify that on May 7, 2003, I caused a true and correct copy of the foregoing **Settlement Conference Summary** and **Plaintiff's Settlement Memorandum** to be served**,** via U.S. Mail, postage prepaid**,** upon the following:

Simon Rosen, Esquire
1818 Market Street
Suite 3620
Philadelphia, PA 19103

**BOCHETTO & LENTZ, P.C.**

By:_____
    Kimberly R. Enoch, Paralegal